**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| YOSAIF RICHTER, | : |
| Plaintiff, | : |
| v. | : |
| LAW FIRM OF ALLAN C. SMITH, P.C., | : |
| Defendant(s). | : |

Civil Action No.:

**COMPLAINT**

Plaintiff YOSAIF RICHTER ("Plaintiff"), by and through its attorneys, Edward B. Geller, Esq., P.C., as and for its Complaint against the Defendant LAW FIRM OF ALLAN C. SMITH, P.C. (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on its own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.      Plaintiff YOSAIF RICHTER is a resident of the State of New Jersey, residing at 1501 Twin Oaks Drive, Lakewood, New Jersey 08701.

3.      Defendant LAW FIRM OF ALLAN C. SMITH, P.C.is a Pennsylvania professional corporation engaged in the business of debt collection with an office address at The Bucks County Office Center, 1276 Veterans Highway, Suite E-1, Bristol,

PA 19007.

4.      Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692 a (3).

5.      The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8.      Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of herself and all persons/consumers with accounts with HSBC Bank Nevada, N.A. and its Affiliates in the States of Delaware, New Jersey and Pennsylvania, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

9.      This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10.     The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or

letters/communications from the Defendant which violates various provisions of the FDCPA.

11.    The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

15.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties.

17.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18.    Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

19.    Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

20.    Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22.    Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

23.     Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by writing to Plaintiff.

24.     On or about August 13, 2014, Plaintiff received a mass-produced notice from Defendant dated August 10, 2014.

25.     Defendant's notice arrived by United States mail at Plaintiff's home in an envelope, upon which Plaintiff's account number of 120020427957 and name and address were visible.  Said notice is attached hereto as Exhibit "A."

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

26.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27.     15 USC §1692 f (8) prohibits a debt collector from using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

28.     Defendant unfairly and improperly created notices for mass-distribution to consumers and Plaintiff which were mailed in envelopes upon which consumer's and Plaintiff's account numbers were visible.  According to _Douglass v. Convergent Outsourcing_, 963 F. Supp. 2d 440 (E.D. Pa., 2013), the United States District Court for the Eastern District of Pennsylvania held that "[t]he account number is a core piece of information pertaining to Plaintiff's status as a debtor and Defendant's debt collection

effort. Disclosed to the public, it could be used to expose her financial predicament. Because Defendant's disclosure implicates core privacy concerns, Plaintiff's account number is impermissible language or symbols under § 1692f(8)" in violation of the FDCPA.

29.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

30.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.      For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B.      For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C.      For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D.      For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

E.      A declaration that the Defendant's practices violated the FDCPA;

F.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:        November 7, 2014

Respectfully submitted.

Edward B. Geller, Esq.
EDWARD B. GELLER, ESQ., P.C.
15 Landing Way
Bronx, New York  10464
Tel:(914)473-6783

Attorney for the Plaintiff YOSAIF RICHTER

To:    Law Firm of Allan C. Smith, P.C.
       The Bucks County Office Center
       1276 Veterans Highway, Suite E-1
       Bristol, PA 19007

       *(Via Prescribed Service)*

       Clerk of the Court,
       United States District Court, District of New Jersey
       Clarkson S. Fisher Building & U.S. Courthouse
       402 East State Street Room 2020
       Trenton, New Jersey 08608
       *(Via Electronic Court Filing)*

EXHIBIT "A"

Bristol Pennsylvania 1900?-2?12

RETURN SERVICE REQUESTED

231356  003

231356

50106-11C/1200204279857/99785/DM2P   6144
YOSAIF RICHTER
1501 TWIN OAKS DR
LAKEWOOD, NJ 08701-7143



52   GJBEG3B   08701

# Law Firm of Allan C. Smith P.C.

The Bucks County Office Center
1276 Veterans Highway, Suite E-1
Bristol, Pennsylvania 19007
Toll Free (855) 854-6154, Fax (215) 428-0740

**Allan C. Smith Esq.**
Admitted: DC, NY and PA

*Of Counsel:*

**Ryan E. Calef, Esq.**
Admitted: PA
**R.A. Hurley, Esq.**
Admitted: VA
**Corryn L. Kronnagel, Esq.**
Admitted: NJ & PA
**Shabnam Morrad, Esq.**
Admitted: VA
**Anthony Valach Jr., Esq.**
Admitted: IL, NJ, & PA
**William E. Vaughan, Esq.**
Admitted: NJ & PA
**Scott Wheat, Esq.**
Admitted: DC, MD, NY & VA



50646-11A/120020427957/101950/DM3P    6144
YOSAIF RICHTER
1501 TWIN OAKS DR
LAKEWOOD, NJ 08701-7143

164795

2



164795

August 10, 2014

| | |
|---|---|
| Current Creditor: | CACH, LLC |
| Account No: | 120020427957 |
| Original Creditor: | HSBC Bank Nevada, N.A. & its Affiliates |
| Original Creditor Account No: | 7001191960833482 |
| Current Balance: | $3,630.11 |

Dear Yosaif Richter:

We represent CACH, LLC. Our client is willing to work with you in order to resolve this debt.

If there is a valid reason why you cannot pay the current balance due, please contact this office to discuss what options may be available to you. Sometimes, depending upon your financial situation, our client will allow you to pay in reasonable monthly installments or make a lump sum payment in an amount less than what is owed.

If you would like to discuss a possible payment arrangement or a reduced lump sum payment, please call us today at **1-855-854-6154.**

At this time, no attorney with our law firm has personally reviewed the particular circumstances of your account. In the sending of this letter, this firm is acting solely as a debt collector and not in any legal capacity.

Sincerely,


Law Firm of Allan C. Smith, P.C.

North Carolina Permit Number: 111841

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS NOT A THREAT TO SUE OR BRING LEGAL ACTION AGAINST YOU. IN THE SENDING OF THIS LETTER, THIS FIRM IS ACTING SOLELY AS A DEBT COLLECTOR AND NOT IN ANY LEGAL CAPACITY.**

**CALLS TO AND FROM THE LAW FIRM OF ALLAN C. SMITH, P.C., MAY BE MONITORED AND/OR RECORDED FOR COMPLIANCE PURPOSES.**

6144,101950